NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLEARPLAY, INC.,**
*Plaintiff-Appellant*

**v.**

**DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES LLC,**
*Defendants-Appellees*

---

2023-2134

---

Appeal from the United States District Court for the District of Utah in No. 2:14-cv-00191-DN, Senior Judge David Nuffer.

---

Decided: May 26, 2026

---

ALAN GRAYSON LAQUER, Knobbe, Martens, Olson & Bear, LLP, Irvine, CA, argued for plaintiff-appellant. Also represented by JEREMIAH HELM, RHETT RAMSEY, JOSEPH R. RE; DENNIS BLACKHURST, LOWELL RICHARD WILLIAMS, Williams Blackhurst Terhune, PLLC, Phoenix, AZ; ABIGAIL TERHUNE, Charlotte, NC; MICHAEL K. ERICKSON, Ray Quinney & Nebeker PC, Salt Lake City, UT; DAVID JORDAN, Foley & Lardner LLP, Salt Lake City, UT.

ERIC SHUMSKY, Orrick, Herrington & Sutcliffe LLP, Washington, DC, argued for defendants-appellees. Also represented by ROBERT MANHAS; ALEXANDRA BURSAK, EDMUND HIRSCHFELD, New York, NY; LAUREN WEBER, Seattle, WA; BRENT O. HATCH, Hatch Law Group, Salt Lake City, UT. DISH Network L.L.C. also represented by ALI DHANANI, CHARLES STEPHEN MAULE, Baker Botts LLP, Houston, TX; LAUREN J. DREYER, JAMIE ROY LYNN, Washington, DC; GEORGE HOPKINS GUY, III, Palo Alto, CA; KURT M. PANKRATZ, Dallas, TX.

---

Before LOURIE and PROST, *Circuit Judges*, and BURROUGHS, *District Judge*.[1]

BURROUGHS, *District Judge*.

After a jury found that DISH Network L.L.C. ("DISH") and Echostar Technologies LLC infringed patents owned by ClearPlay, Inc. ("ClearPlay"), and awarded ClearPlay damages, the United States District Court for the District of Utah granted Defendants-Appellees' motion for judgment as a matter of law ("JMOL"). ClearPlay appealed. For the following reasons, we *affirm*.

## BACKGROUND

ClearPlay's patents are directed to methods for filtering multimedia content. At issue are claims 28 and 33 of U.S. Patent No. 7,577,970 ("the '970 Patent") and claim 12 of U.S. Patent No. 6,898,799 ("the '799 Patent").

Claim 27 of the '970 Patent describes dividing media into "navigation objects," each of which defines "a start position," "a stop position," and "a specific filtering action to

---

[1] Honorable Allison D. Burroughs, District Judge, United States District Court for the District of Massachusetts, sitting by designation.

be performed." J.A. 340, 23:37–40. The method then filters the media by "disabling . . . one or more of the navigation objects such that the specific filtering action specified by the disabled navigation object is ignored" during playback. J.A. 340, 23:41–43. Claim 28, which depends from claim 27, provides that the "filtering action is skipping the portion of multimedia content," J.A. 340, 23:59–61, and claim 33, which depends from claim 28, further specifies that "skipping" comprises "terminating the decoding of the multimedia content at the start position of the particular navigation object; advancing to the stop position of the particular navigation object; and resuming the decoding of the multimedia content." J.A. 340, 24:10–16. In sum, the method described by the claims involves dividing a program into individual chunks called navigation objects, assigning a filtering action to each navigation object, and then playing the media, with navigation objects playing only if their filtering actions have been disabled.

Claim 12 of the '799 Patent relies on a similar method, but provides further that the media content is "transferr[ed] . . . to an output device . . . excluding each [filtered] portion," J.A. 372, 22:13–17, using an "object store [that] can be loaded into a memory of [a] consumer computer system." J.A. 372, 21:58–59. The object store must include "a plurality of navigation objects," and each navigation object must have a "configuration identifier" that indicates whether that "particular navigation object applies to the decoder." J.A. 372, 21:60, 22:18, 22:20–21.

In March 2014, ClearPlay filed a complaint accusing DISH's AutoHop feature of infringing the '970 and '799 Patents, as well as asserting other claims that were resolved prior to trial. The district court issued a claim-construction order in August 2019, and thereafter the case proceeded to trial.

At trial, expert testimony presented by the parties established the following. AutoHop's commercial filtering

begins with DISH employees manually noting when a recorded television show goes to commercial and when it returns. Those points in time, called "segment bookmarks," identify exactly when the program stops and when it resumes. Then, for each recorded episode, DISH transmits the segment bookmarks in an "announcement file" over satellite broadcast. When a viewer watches the recorded program with AutoHop enabled and the media reaches the "stop" position of one segment, the playback automatically skips ahead to the "start" position of the next segment, thereby bypassing commercials. If, on the other hand, AutoHop is not enabled, the program plays back normally, showing all commercials, and even with AutoHop enabled, a user can manually rewind or fast-forward into a commercial and the commercial will not be skipped.

During trial, Defendants-Appellees moved for JMOL of noninfringement. In March 2023, a jury found infringement of both patents and awarded damages to ClearPlay. Following the jury verdict, the district court granted Defendants-Appellees' JMOL motion.

ClearPlay appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

ClearPlay argues that in granting JMOL, the district court (1) applied claim constructions not given to the jury and (2) applied the wrong standard to its review of the trial evidence.

### A. Claim Construction

A jury verdict "must be tested by the charge actually given and by giving the ordinary meaning of the language of the jury instruction." *Hewlett-Packard Co. v. Mustek Sys., Inc.*, 340 F.3d 1314, 1321 (Fed. Cir. 2003). That said, a district court, in deciding a JMOL motion, does not commit error if it "clarifie[s] [a] previous construction that was already present in the jury instructions." *Mformation*

*Techs., Inc. v. Rsch. in Motion Ltd.*, 764 F.3d 1392, 1398 (Fed. Cir. 2014); *accord Cordis Corp. v. Bos. Sci. Corp.*, 658 F.3d 1347, 1357 (Fed. Cir. 2011).

i. ’970 Patent

ClearPlay argues that the JMOL order used a different construction of the “disabling” limitation of the ’970 Patent from the one used in the jury instructions. We disagree. The jury was instructed that the ’970 Patent required “directly disabl[ing] a navigation object so that its filtering action is ignored, as opposed to disabling something other than the navigation object that results in the navigation object’s filtering action being ignored.” J.A. 267. In the JMOL order, the court pointed out that the limitation did not include “acting on or disabling something else that indirectly affects the segment bookmark or simply results in the segment bookmarks being ignored.” J.A. 64. That further explanation did not change the claim construction being applied. It simply restated, with slightly different phrasing, the same distinction between acting on an object itself and acting on something upstream of the object.

ii. ’799 Patent

ClearPlay also argues that the JMOL order deviated from the jury instructions in its construction of the “object store” limitation of the ’799 Patent. Again, we find that argument unpersuasive. The jury was instructed that a “navigation object” within the meaning of that patent required “the start, stop, and filter elements that comprise the navigation object [to] be contained within the same object, file, or data structure,” J.A. 266–67, and that a “configuration identifier” within the meaning of that patent needed “to be contained within the navigation object,” J.A. 267. The JMOL order required “each particular navigation object [to] define its own start position, stop position, and filtering action, and contain its own configuration identifier,” J.A. 74, and referred to this construction as a “single-object approach,” J.A. 73. Neither the addition of “its own”

nor the reference to a "single-object approach" changed the operative claim construction. These were superficial differences in word choice that did not alter the underlying meaning of the claim constructions—that every navigation object needed to contain a start position, a stop position, a filtering action, and a configuration identifier within itself, as opposed to those elements being defined outside of the navigation object.

B. Judgment as a Matter of Law

There was no error in the claim constructions employed by the district court in granting JMOL. Nonetheless, for the avoidance of doubt, we rely here on the jury instructions themselves in considering whether the trial record entitled Defendants-Appellees to JMOL.

"We review a district court's grant of JMOL de novo, applying the law from the regional circuit." *Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*, 688 F.3d 1342, 1356 (Fed. Cir. 2012) (citing *Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241, 1248 (Fed. Cir. 2005)). In the Tenth Circuit, JMOL "is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position." *Bay v. Anadarko E&P Onshore LLC*, 73 F.4th 1207, 1215 (10th Cir. 2023) (quoting *Escue v. N. Okla. Coll.*, 450 F.3d 1146, 1156 (10th Cir. 2006)). Accordingly, we "draw all inferences from the evidence in favor of the nonmoving party, [without] . . . weigh[ing] the evidence or judg[ing] witness credibility." *Id.* (quoting *Henry v. Storey*, 658 F.3d 1235, 1238 (10th Cir. 2011)).

i. '970 Patent

ClearPlay argues that there was adequate evidence at trial to support the jury verdict regarding the infringement of the '970 Patent. We disagree.

To show infringement of the '970 Patent, ClearPlay needed to prove that AutoHop caused a navigation object

to be "*directly* disable[d]" (emphasis added), as opposed to "something other than the navigation object" being disabled with the result that "the navigation object's filtering action [is] ignored." ClearPlay argues that AutoHop infringes the '970 Patent's disabling-navigation-objects limitation because AutoHop's commercial skipping can be negated, either by not enabling it in the first place, resulting in all commercials playing, or by fast-forwarding or rewinding into a commercial, thus allowing that particular commercial to play.

The trial evidence established that the AutoHop code runs in the background even when a viewer has not enabled the AutoHop feature, but that AutoHop only skips commercials if (1) a user has enabled it prior to starting an episode and (2) the episode is playing, not in fast-forward or rewind. These two conditions (AutoHop on and episode playing) are encoded in separate variables within the AutoHop source code. When AutoHop encounters a segment bookmark, it checks whether both conditions are satisfied. If the user has enabled commercial skipping *and* the device is not in rewind or fast-forward, AutoHop skips the commercial; otherwise, it lets the commercial play.

That evidence permitted only one conclusion: AutoHop did not provide for the direct disablement of navigation objects. The conditions discussed above render AutoHop active or inactive on a categorical basis. At the end of a given segment, AutoHop does not check whether the *next commercial* has been enabled or disabled, it checks whether commercial skipping is enabled writ large and if the device is in play mode. Those background conditions, rather than the direct disablement of particular segments, determine AutoHop's behavior, and for that reason, AutoHop does not directly disable navigation objects.

ii. ’799 Patent

ClearPlay also argues that there was adequate evidence at trial to support the jury verdict as to infringement of the ’799 Patent. Again, we disagree.

To show infringement of the ’799 Patent, ClearPlay needed to prove that AutoHop makes use of an “object store” containing a “collection . . . [of] navigation objects,” J.A. 268, that “the start, stop, and filter elements that comprise the navigation object . . . be contained within the same object, file, or data structure,” J.A. 266–67, and that a “configuration identifier . . . be contained within the navigation object,” J.A. 267. ClearPlay argues that AutoHop infringed the ’799 Patent’s method of transmitting navigation objects in an “object store” structure, because the AutoHop announcement files contain all of the elements of an object store.

The evidence at trial established that the segment bookmark pairs identified points with the first being when AutoHop would skip ahead (at the “end” marker of one segment) and the second being when it would resume (at the “start” marker of the next segment). No evidence was introduced in support of the conclusion that each segment bookmark pair was actually accompanied by an individual configuration identifier and filtering action. Rather, ClearPlay’s expert witness, Nicholas Feamster, noted that each announcement file contained a single configuration identifier that matched that announcement file to the particular set-top box, and that the code did not check this pairing again each time a new segment bookmark was encountered. Feamster further testified that it would be inefficient to write code that repeatedly defined the same filtering method and configuration identifier, and that to avoid that inefficiency, each segment bookmark pair relied on the same filtering action and configuration identifier, both of which were contained in the announcement file itself. Crediting that testimony, it is still not possible to

conclude that AutoHop infringed the ’799 Patent, because the operative claim construction required that each navigation object “contain” a filtering action and configuration identifier. If those objects are simply inherited or implied from another part of the code, they do not fit that limitation.

Nor is it possible to set aside that distinction under the doctrine of equivalents, as ClearPlay argues in the alternative. Though Feamster testified that assigning each segment bookmark pair its own configuration identifier and filtering action would be “ridiculous,” whether a particular method is wise does not bear on whether that method “performs ‘substantially the same function in substantially the same way to obtain the same result’” as the other. *Mylan Institutional LLC v. Aurobindo Pharma Ltd.*, 857 F.3d 858, 866 (Fed Cir. 2017) (quoting *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950)). Here, the trial record does not contain any other “particularized testimony and linking argument as to the insubstantiality of the differences between” AutoHop’s announcement files and the structure described by the ’799 Patent. *NexStep, Inc. v. Comcast Cable Commc’ns, LLC*, 119 F.4th 1355, 1371 (Fed Cir. 2024) (quoting *VLSI Tech. LLC v. Intel Corp.*, 87 F.4th 1332, 1343 (Fed Cir. 2023)). Moreover, ClearPlay’s theory would erase the claims’ meaningful structural and functional distinction between a “single-object” approach and one that shares elements across multiple objects, even though the ’799 Patent treats that distinction as one “in kind,” not degree. *Freedman Seating v. Am. Seating*, 420 F.3d 1350, 1361 (Fed. Cir. 2005) (citation omitted). We thus reject ClearPlay’s alternative argument.

## CONCLUSION

We have considered ClearPlay’s remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the district court’s decision granting JMOL of

noninfringement of claims 28 and 33 of the ’970 Patent and claim 12 of the ’799 Patent.

**AFFIRMED**